IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAY GODWIN,                          :
                                     :
        Plaintiff,                   :
                                     :
v.                                   :        CIVIL ACTION 07-0598-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of                      :
Social Security,                     :
                                     :
        Defendant.                   :


<u>MEMORANDUM OPINION AND ORDER</u>

In this action under 42 U.S.C. §§ 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 11).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19).  Oral argument was waived in this action (Doc. 21).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evi-

dence test requires "that the decision under review be supported
by evidence sufficient to justify a reasoning mind in accepting
it; it is more than a scintilla, but less than a preponderance."
*Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting*
*Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was
fifty years old, had completed a tenth-grade education (Tr. 144),
and had previous work experience as a carpenter and painter (Tr.
145).  In claiming benefits, Plaintiff alleges disability due to
back pain, a tremor, anxiety disorder NOS, Hepatitis C, and
cirrhosis of the liver (Doc. 12).

The Plaintiff filed a protective application for SSI on May
18, 2004 (Tr. 54-57).  Benefits were denied following a hearing
by an Administrative Law Judge (ALJ) who determined that Godwin
had no severe impairments (Tr. 8-16).  Plaintiff requested review
of the hearing decision (Tr. 130-31) by the Appeals Council, but
it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not
supported by substantial evidence.  Specifically, Godwin alleges
that:  (1) The ALJ improperly determined that he had no severe
impairments; (2) the ALJ did not properly consider the
combination of his impairments; and (3) the ALJ improperly
discounted his testimony regarding his symptoms (Doc. 11).
Defendant has responded to—and denies—these claims (Doc. 16 ).

Before examining the evidence, the Court notes that
Defendant argues that certain evidence should not be considered

because it was submitted to the Court after the ALJ rendered his opinion (Doc. 16, pp. 10-12).  Defendant points to the evidence found at Documents 11, 13-14.  Plaintiff has filed a Response to Defendant's argument (Doc. 22).

It should be noted that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence." *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985).  However, evidence can be presented to the Court as "new evidence" and considered by the Court to determine whether the Social Security Administration should examine it.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994).  *Keeton* directs the reviewing Court to look at the new evidence and determine whether it meets the three-prong standard for remanding the action.  *Keeton*, 21 F.3d at 1068.  To make a determination of remand, "the claimant must establish that:  (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

In reviewing the newly-submitted evidence, the Court notes that Plaintiff has submitted seven new exhibits consisting of medical evidence that was not available to the ALJ.  Godwin has described the first five exhibits as follows:

On July 3, 2007, the Claimant was seen
in the USA Medical Center emergency room for
gastrointestinal bleeding and acute care
surgery the following day.  Under past
medical history, the physician noted the
Claimant has Hepatitis C virus, cirrhosis and
hypertension.  See Exhibit 1.

On July 11, 2007, Claimant followed up
with USA Gastroenterology following discharge
from the hospital on July 7.  Past medical
history noted cirrhosis of the liver,
Hepatitis C virus and hypertension.  See
Exhibit 2.

The claimant received a note on July 14,
2005 from the Stanton Road Clinic for 6
months of food stamps secondary to not being
able to work.  See Exhibit 3.

On August 14, 2007, Dr. Alan Maltbie at
the Stanton Road Clinic completed a Physical
Capacity Evaluation (PCE) and Residual
Physical Functional Capacity Assessment (RFC)
on the Claimant.  Dr. Maltbie stated in the
RFC that the Claimant has "chronic, terminal
liver disease that is incurable without a
transplant.  Because of this, he is
chronically fatigued and requires frequent
rest."  Maltbie further stated that the
Claimant can never climb or balance because
of "chronic wasting from his disease state
and potential for alterations in mental
status from liver disease."  Dr. Maltbie
states that the Claimant "has an incurable
liver disease which as [sic] rendered him
unable to work secondary to frequent
physician visits and exacerbations of his
condition.  He is chronically weak and
fatigued and unable to continue to work in
his previous occupation."  See PCE Exhibit 4
and RFC Exhibit 5.

Doc. 11, pp. 4-5.  Plaintiff has presented two other documents

for examination which can be explained as follows.  Document 13

is a note from Dr. John L. Dixon, dated January 1, 2008, written

on a prescription form which states the following:  "My opinion

is that Mr. Godwin contracted Hepatitis C 15 years ago & has had

4

symptomatic liver disease for about 3-5 years" (Doc. 13 Exhibit).
Document 14 is a letter, dated January 25, 2008, which was
provided by Dr. Reynaldo Rodriguez and states that "Mr. Godwin
has been seen by the division of Gastroenterology at Stanton Road
Clinic.  He carries a diagnosis of Hepatitis C, history of
esophageal varices, refractory ascites, thrombocytopenia, and
anemia" (Doc. 14 Exhibit).

    This is the evidence submitted by Plaintiff.  Before making
a determination as to whether it meets the new evidence standard
of *Caulder* and deciding whether this action should be remanded to
the Social Security Administration for further consideration,
pursuant to *Keeton*, the Court will first examine—and
summarize—the evidence submitted in the administrative record.

    On November 4, 2004, a consultative examination was
performed by Dr. A. H. Kasmia, a Neurologist, who noted that
Plaintiff was "[g]enerally somewhat tremulous but alert and
oriented and in no distress;" there was no head tremulousness
(Tr. 104; *see generally* Tr. 103-04).  Godwin had full range of
motion in his neck and all extremities as well as full motor
strength in his all extremities.  The Neurologist noted that
Plaintiff could "sit, stand, squat, etc.;" he could ambulate
independently (*id*.).  The doctor found Plaintiff's heart to be
normal.  In summary, Dr. Kasmia noted the following:  "a history
of chronic nonspecific tremor most likely essential tremor.
There are no other limitations in his neurologic or
musculoskeletal systems.  According to the patients [sic] own

history his tremor has not been adequately evaluated or treated"
(*id.*).

A psychological evaluation was performed on December 9, 2004
by Kim M. Zweifler who noted that Godwin had no obvious gross
motor skill difficulties though he did have a global tremor (Tr.
105-08).  Plaintiff's mood and affect were appropriate; he was
oriented to time, place, and person and did not appear to be
anxious.  "There were no signs of confusion, loose associations,
or delusions" and no "reports of hallucinations or delusions"
(Tr. 107).  Godwin's judgment was fair, but he had limited
insight; Zweifler thought that he functioned in the low average-
to-average range of intelligence.  The Psychologist's diagnostic
impression was Anxiety Disorder NOS; the prognosis was favorable
to treatment within six-to-twelve months.

Plaintiff was also seen at the Stanton Road Clinic from
April 14, 2005 through February 15, 2007 for various complaints
(Tr. 125-29).  On the first visit, the doctor noted full strength
in all extremities and no shuffling gait; he diagnosed him to
have an essential tremor and prescribed a blood pressure
medication (Tr. 128).  Two weeks later, it was noted that there
was no change in the tremor (Tr. 127).  On the next visit,
fifteen months later, Godwin complained that his tremor was worse
and that he had intermittent back pain, radiating into the left
leg; the doctor noted that he was in no apparent distress (Tr.
126).  It was noted that he had limited range of motion in the
hip, but that Plaintiff was not trying; the doctor gave him a

6

muscle relaxer and referred him to neurology for the tremor
(*id.*).  It was recommended that Plaintiff stop his pack-a-day
smoking habit and quit drinking alcohol (*id.*).  Plaintiff was
examined on September 14, 2006 and February 15, 2007 for his
tremor, but the Court, frankly, could not decipher the
examination notes (Tr. 125, 129).[1]

Godwin testified at the evidentiary hearing that he last
worked, ten years earlier, as a carpenter and painter (Tr. 145-
51).  He stated that he had tremors in his hands, which he had
had all of his life, caused by an overactive brainstem;
medication is the only thing which can be done for the tremor and
that makes him drowsy.  Godwin testified that the tremor
diminished his fine motor skills, rendering him unable to perform
his past work; he also cannot write.  The tremors now affect his
whole body.  In addition, he has a back disc which is turned
sideways, rendering him unable to lift heavy objects because of
the pain; it also limits his ability to stand and sit.

Returning to the question of the newly-submitted evidence,
the Court finds that it does not meet the three-prong test of
*Caulder* because Godwin has failed to demonstrate that it is
material.  More specifically, the Court finds that there is not a
reasonable possibility that the ALJ, after reviewing the
evidence, would render a different opinion.  Frankly, the newly-
submitted evidence introduces a new health problem—Plaintiff's

---

[1]The Court notes that Plaintiff has not directed this Court's
attention to anything in particular on these pages (*see* Doc. 11) and
that Defendant merely referenced the notes (*see* Doc. 16, p. 6).

7

liver disease—that has not been previously addressed in the
record.  Though there have been suggestions that Godwin had an
alcohol problem in the medical evidence, the application under
consideration was not brought pursuant to Plaintiff's cirrhosis.
Godwin even admits that the diagnosis was not made until July 3,
2007 (Doc. 22, p. 2); although Plaintiff argues that the doctor's
notes indicate that the illness pre-existed his diagnosis, it
comes to late for this Court's consideration.  However, if Godwin
believes that this new evidence demonstrates disability, he
should file a new application with the Social Security
Administration.

Plaintiff's first claim is that the ALJ improperly
determined that he did not have a severe impairment.  In *Brady v.
Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit
Court of Appeals held that "[a]n impairment can be considered as
not severe only if it is a slight abnormality which has such a
minimal effect on the individual that it would not be expected to
interfere with the individual's ability to work, irrespective of
age, education, or work experience." *Brady v. Heckler*, 724 F.2d
914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th
Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2007).[2]  The Eleventh
Circuit Court of Appeals has gone on to say that "[t]he
'severity' of a medically ascertained disability must be measured
in terms of its effect upon ability to work, and not simply in

---

[2]"An impairment or combination of impairments is not severe if it
does not significantly limit your physical or mental ability to do
basic work activities."

terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  Under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

The Court notes that Plaintiff has pointed to no medical evidence which demonstrates that his tremors—or any of his other impairments—interfere with his ability to work.  The ALJ gave weight to the reports of Kasmia and Zweifler, neither of which indicated that Godwin was unable to work.  This claim is without merit.

Plaintiff has claimed that the ALJ failed to consider the combined effects of Plaintiff's impairments as he is required to do.  It is true that "the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."  42 U.S.C. § 1382c(a)(3)(G).  The Eleventh Circuit Court of Appeals has noted this instruction and further found that "[i]t is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984); *see also Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984); *Wiggins v. Schweiker*, 679

F.2d 1387 (11th Cir. 1982).

In the ALJ's findings, he lists Plaintiff's impairments and concludes by saying that he "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months" (Tr. 13). This language has been upheld by the Eleventh Circuit Court of Appeals as sufficient consideration of the effects of the combinations of a claimant's impairments. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (the claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4"). Godwin's claim is without merit.

Plaintiff's final claim is that the ALJ improperly discounted his testimony regarding his symptoms. Godwin has more specifically stated that "[t]he ALJ placed more weight on evaluations that were over two years old versus the current testimony of the Claimant" (Doc. 11, p. 4).

The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.

1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).  Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R.. 404.1529(a) (2007).

The Court finds that the medical evidence did not support Plaintiff's claims of limitation.  Plaintiff's claims of limitation alone will not suffice to demonstrate disability.

Plaintiff has raised three different claims in bringing this action.  All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable

11

mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.   Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.   Judgment will be entered by separate Order.

DONE this 26th day of February, 2008.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE